U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 26 2015
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.4:13-CR-100-A(3) |
| | § | |
| STEVEN RONALD SHORT | § | |

## ORDER DENYING MOTION UNDER 18 U.S.C. § 3582(C)(2)

Pending before the Court is Defendant Steven Ronald Short's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) filed on March 2, 2015. Defendant seeks relief on the basis of the 2014 amendments to the sentencing guidelines that reduced the base offense levels for the drug quantity table in U.S.S.G. 2D1.1(C). For the reasons explained, the court denies the motion.

Defendant Steven Short was held accountable for 4.05 kilograms of methamphetamine. Presentence Report (PSR) ¶ 46. At the time he was sentenced based upon the 2012 Guidelines Manual, if an offense involved 1.5 kilograms or methamphetamine, but less than 5 kilograms of methamphetamine, the base offense level was 34. PSR ¶¶ 45-46. With a two-level increase under U.S.S.G. § 2D1.1(b)(5)(a) because the offense involved the importation of methamphetamine from Mexico, a two-level increase under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, a three-level increase under U.S.S.G. § 3B1.1(b) for being a manager or supervisor (but not an organizer or leader) of criminal activity involving five or more participants, and a two-level increase under U.S.S.G. § 3C1.1 for

obstruction of justice, Short's Total Offense Level was 43. PSR ¶¶ 46-52. Short's criminal history category was V, such that the guideline imprisonment range was Life imprisonment, but with the statutorily authorized maximum sentence capped at 480 months, the guideline imprisonment range was 480 months under U.S.S.G. § 5G1.1(a). PSR ¶ 105. This court, however, varied below the guidelines and imposed a sentence of 360 months' imprisonment. (January 29, 2014 Judgment; January 29, 2014 Statement of Reasons at §§ IV -VIII.)

In Amendment 782, which took effect on November 1, 2014, the United States Sentencing Commission reduced the base offense levels for the quantities of certain controlled substances in the Drug Quantity Table § 2D1.1(C). See U.S. Sentencing Guidelines Manual, app. C (2014). This amendment has been added to § 1B1.10 of the United States Sentencing Guidelines Manual. See id. § 1B1.10(d) (2014). Pertinent to Short's motion to reduce sentence, however, § 1B1.10(b)(2) expressly limits any reduction to no less than the minimum term of imprisonment provided by the amended guideline range. Therefore, a defendant serving a sentence imposed under § 2D1.1 of the Guidelines can seek to reduce his sentence by filing a motion under 18 U.S.C. § 3582(c)(2), provided that the applicable quantity levels in Amendment 782 reduce his offense level under the Guidelines, but his sentence cannot be reduced below the range provided by the amended guideline range.

Applying the changes Amendment 782 made to the Drug Quantity Table applicable to the 4.05 kilograms of methamphetamine for which Short was held accountable would reduce the base offense level two-levels to 32. U.S.S.G. §2D1.1(c)(4)(Nov. 1, 2014). But even with a base offense level of 32, with the other upward adjustments listed above, Defendant's Total Offense Level would now be 41. The criminal history category of V remains, but the Guideline Imprisonment Range drops to 360-life, and with the statutory maximum 480 months, that range now reduces to 360-480 months. But as noted above, Defendant was sentenced to an amount equal to the bottom of this range--360 months--due to the Court's downward variance. His sentence is already at the minimum amended range that results from Amendment 782.

Accordingly, because Amendment 782 does not have the effect of lowering Short's guideline range, he is not entitled to relief under 18 U.S.C. § 3582(c)(2) based on the 2014 amendments to the U.S. Sentencing Guidelines. Therefore,

The court ORDERS that Steven Ronald Short's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [doc no. 348] be, and is hereby, DENIED.

SIGNED June 26, 2015.

JOHN McBRYDE
United States District Judge